Filed 9/11/25  In re D.C. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re D.C., a Person Coming Under the Juvenile Court Law. | |
| LAKE COUNTY DEPARTMENT OF SOCIAL SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> J.C., <br><br> Defendant and Appellant. | A172516 <br><br> (Lake County Super. Ct. No. JV320673-B) |

**MEMORANDUM OPINION**[1]

When an unexplained adult bite mark appeared on four-year-old D.C. (Child) after beginning an unsupervised visit with her mother (Mother), the Lake County Department of Social Services (Department) filed a petition under Welfare and Institutions Code[2] section 388.  In this appeal, Mother

---

[1] We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)  We provide a limited factual summary because our opinion is unpublished and the parties know, or should know, "the facts of the case and its procedural history."  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

[2] All statutory references are to the Welfare and Institutions Code.

1

challenges the order granting that petition, in which the juvenile court found "that it is not in the best interest of [Child] at this time to have in-person visits with" Mother, and ordered "that contact be limited to one time per week via Zoom until such time as [M]other's mental health is stabilized and the department feels it is safe to reinstate supervised visitations." Because substantial evidence supports the juvenile court's implicit finding that maintaining the *status quo ante* for visitation would be detrimental to Child, and there was no abuse of discretion in any other respect, we will affirm.

Mother argues the juvenile court committed legal error in terminating visitation without making a detriment finding. We disagree. Section 362.1, subdivision (a)(1), provides that "visitation between the parent . . . shall be as frequent as possible, consistent with the well-being of the child," and subject to subparagraph (B)'s requirement that "[n]o visitation order . . . jeopardize the safety of the child." Thus, it "is ordinarily improper to deny visitation absent a showing of detriment." (*In re Mark L.* (2001) 94 Cal.App.4th 573, 580, disapproved on other grounds by *Conservatorship of O.B.* (2020) 9 Cal.5th 989.) But where "the statute does not mandate explicit findings, and where substantial evidence supports the juvenile court's order, findings may be implied." (*In re Aurora P.* (2015) 241 Cal.App.4th 1142, 1166.)

Here, the juvenile court's implicit determination that Child would suffer detriment from continuing in-person visitation with Mother is apparent from the court's conclusion "that it is not in the best interest of [C]hild at this time to have in-person visits with" Mother, its finding that Mother had failed to comply with her mental health treatment plan in the months leading up to an incident in which Child appeared to have been bitten by a human, and its finding "that it is more likely than not that the bite mark occurred while [the four-year-old C]hild was in [M]other's care."

Given that these remarks followed the presentation of numerous witnesses including Mother, exhibits, and closing arguments during which the Department's counsel mentioned "detriment[s]" ten times, it would be absurd to conclude on this record that the court did *not* make an implicit finding of detriment.

"A juvenile court's finding that visitation would be detrimental to the child is reviewed for substantial evidence." (*In re R.M.* (2025) 111 Cal.App.5th 119, 135.) "Substantial evidence is evidence that is 'of ponderable legal significance,' 'reasonable in nature, credible, and of solid value,' and ' "substantial" proof of the essentials which the law requires in a particular case.' " (*Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1006.) "Our role in conducting a review for sufficiency of the evidence is limited. We must review the entire record in the light most favorable to the juvenile court's order and draw all reasonable inferences from the evidence that support it. We may not resolve conflicts in the evidence, reweigh the evidence, or second guess the juvenile court's express or implied determinations regarding the credibility of witnesses." (*In re R.M.* at p. 135.)

Here, the risk of detriment was substantiated by the following evidence. The social worker in Mother's case testified that on Monday, November 4, 2024, Mother sent her photographs of the bite mark and alleged that Child had been bitten by the girlfriend of Child's father—an allegation belied by the fact that the bite mark was not there when the social worker left Child with Mother on Friday, November 1. And although Mother had told the social worker that Mother had not changed Child's clothes until Saturday (when she purportedly discovered the bite mark), Mother later testified that she changed Child on Friday afternoon, after the social worker left. Taken together, this evidence supports a reasonable inference that the

3

bite occurred when Child was in Mother's custody.  It supports the further inference that Child might suffer similar harm from future in-person visits.  In short, the implicit finding of detriment is supported by substantial evidence.

Next, Mother argues the trial court abused its discretion in granting the Department's section 388 petition to modify visitation.  This argument comprises two contentions:  first, that the Department allegedly failed to prove a change in circumstances that was attributable to Mother; and second, that the Department failed to prove that modifying visitation was in Child's best interests.  We reject both.

"Under section 388, a party may petition the court to change, modify or set aside a previous court order.  The petitioning party has the burden to show, by a preponderance of the evidence, there is a change of circumstances or new evidence, and the proposed modification is in the child's best interests." (*In re A.S.* (2009) 180 Cal.App.4th 351, 357.)  The determination of whether the petitioning party has carried that burden is "committed to the sound discretion of the juvenile court, and [that] court's ruling should not be disturbed on appeal unless an abuse of discretion is clearly established."  (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318.)  " 'The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court.' "  (*Id.* at pp. 318–319.)  Here, there was no abuse of discretion.  It was eminently reasonable for the juvenile court to find a change in circumstance.[3]

_____

[3] In her opening brief, Mother notes that the section 388 petition identified the bite-mark incident as the changed circumstance, but the trial court's order focused in this respect on Mother's mental health instability including a lack of compliance with her mental health treatment and

4

As we have already observed, there is substantial evidence to support the finding that Child was bitten by a human during a visit with Mother. The social worker and the child's daycare did not see a mark on Minor the day she was dropped off to Mother. Father and his girlfriend also denied seeing marks on the child. From this, it is reasonable to infer that Mother either caused or failed to prevent that harm when Child was under her care. In her briefing, Mother emphasizes her positive parenting qualities and interactions with Minor that undoubtedly contributed to the decision for unsupervised visits. However, the sudden appearance of an adult bite mark on this four-year-old at the start of overnight visits, raised legitimate concerns about the child's welfare. (Cf. *In re D.P.* (2014) 225 Cal.App.4th 898, 903 [lack of plausible explanation for adult bite marks on infant while in mother's care supported jurisdictional finding that minor was at risk of suffering serious physical harm inflicted nonaccidentally by a parent].) There was no abuse of discretion in finding a change in circumstance.[4]

For similar reasons, the juvenile court acted within its discretion in finding that replacing in-person visitation with once-a-week video calls would

reported mania that impacted the court's view of her credibility. This discrepancy presents no difficulty on appeal because " '[w]e review the trial court's order, not its reasoning, and affirm an order if it is correct on any theory apparent from the record.' " (*City of Claremont v. Kruse* (2009) 177 Cal.App.4th 1153, 1164, fn. 3.)

[4] We reject Mother's argument concerning the Department's purported failure to prove Child was bitten *because* of mother; because Mother cites no authority that proof of causation is required for a finding of changed circumstance, we deem the argument forfeited. (See *In re Vanessa* (2006) 138 Cal.App.4th 1121, 1131.) We also note that Mother's citations to the various harms alleged to have occurred when Child visited Father are invitations to reweigh the evidence—something we may not do on this standard of review. (*In re Stephanie M.*, *supra*, 7 Cal.4th at p. 319.)

serve Child's best interest.  If in-person visitation presents a risk of detriment to the child—and we have already concluded substantial evidence supports that premise—then it is sensible to conclude the Child's best interests are served by a temporary suspension of in-person visitation in favor of videoconference visits.  And while it is reasonable to believe, as Mother argues, that Child's best interests could have also been advanced by supervised or therapeutic visitation, it does not follow from this that ordering video calls "exceeded the bounds of reason." (*In re R.M.*, *supra*, 111 Cal.App.5th at p. 135.)  We "cannot substitute our judgment for that of the juvenile court." (*Ibid*.)  Thus, Mother's reliance on *In re I.B.* (2020) 53 Cal.App.5th 133, is misplaced:  There, the appellant Social Services Agency had to demonstrate an abuse of discretion, whereas here, it is Mother's burden.  (*Id*. at p. 152.)

## DISPOSITION

We affirm.

_____

Smiley, J.

WE CONCUR:

_____

Humes, P. J.

_____

Langhorne Wilson, J.

_In re D.C._  A172516